TINA ATOE, INDIVIDUALLY
AND AS NATURAL TUTRIX/GUARDIAN
FOR AND ON BEHALF OF HER MINOR
CHILD,

VERSUS

ORTHOPEDIATRICS US DISTRIBUTION
CORP., ORTHOPEDIATRICS CORP.
SHRINERS HOSPITAL FOR CHILDREN,
ORTHOFIX, INC.,, et al.

NUMBER: 621353 -C       SECTION:

1ST JUDICIAL DISTRICT COURT

PARISH OF CADDO

STATE OF LOUISIANA

PGS __ EXH __ MPJ __
CC __ CP __ MAIL __ N/J __
INDEX __ REC __ FAX __
W/D DOC __ CERT MAIL __
SERVICE __

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioner, TINA ATOE,

INDIVIDUALLY AND AS NATURAL TUTRIX/GUARDIAN FOR AND ON BEHALF

OF HER MINOR CHILD,            an individual of the lawful age of majority and

domiciled in the City of Dallas, State of Texas, who respectfully represent the following:

1.

Made defendants herein are:

A) **ORTHOPEDIATRICS US DISTRIBUTION CORP.,** a foreign Business
   Corporation domiciled in Wilmington, DE which is authorized to do and doing
   business in the State of Louisiana, and who on information and belief is the
   manufacturer of the eight plate growth guided device and cannulated screws at all
   times pertinent herein;

B) **ORTHOPEDIATRICS CORP.,** a foreign Business Corporation with is domiciled in
   Wilmington, DE which is authorized to do and doing business in the State of
   Louisiana, and who on information and belief is the manufacture of the eight plate
   growth guided device and cannulated screws at all times pertinent herein;

C) **ORTHOFIX, INC.,** a foreign Business Corporation domicile in Roseville, MN,
   which is authorized to do and doing business in the State of Louisiana, and who on
   information and belief is the manufacturer of the eight plate growth guided device
   and cannulated screws at all times pertinent herein;

D) **SHRINERS HOSPITAL FOR CHILDREN,** Shreveport, LA, a foreign Non-Profit
   Corporation which is authorized to do and doing business in the Parish of Caddo,
   State of Louisiana, domiciled in Denver, Colorado with a registered office in
   Louisiana and a principal business location in Shreveport, LA.

E) **DR. KALAN MCCLARY** aka **DR. KAYLAN MCCLARY,** an orthopedic
   physician domiciled in the Parish of Caddo, State of Louisiana who at all times
   pertinent herein performed and/or assisted in the surgery of

2.

A substantial part of the events, procedures, sales, acts, omissions, labeling and surgical

procedures occurred in the Parish of Caddo, State of Louisiana at **SHRINERS HOSPITAL**

**FOR CHILDREN** located in the City of Shreveport, Parish of Caddo, State of Louisiana. As

such, venue and jurisdiction are proper for the proceedings.

$100.00 FILED

DEC 20 2019

JIM SCOTT
DEPUTY CLERK OF COURT
CADDO PARISH

7193

EXHIBIT
1

3.

All defendants are truly and solidarily liable to Plaintiffs for all damages reasonable in the premises, including but not limited to general damages and special damages, for the following non-exclusive reasons, to wit:

4.

is the minor son of Tina Atoe who is his legal, natural Tutrix/Guardian.

5.

On information and belief, was admitted to **SHRINERS HOSPITAL FOR CHILDREN** on December 20, 2018 to undergo a surgery to minimize or correct the curvature in his left leg namely, genu varum, more commonly known as "bowleggedness."

6.

On information and belief, before the surgery, and at all times relevant, it was known and well documented that also had left sided adolescent Blount disease.

7.

On December 20, 2018, underwent said surgery attempting a left hemlepiphysiodesis of the lateral proximal tibia employing and using an eight-plate growth guided device with cannulated screws to correct his condition.

8.

On information and belief, the doctors who performed the surgery on were Dr. Janay E McKie, MD and **DR. KALAN MCCLARY aka DR. KAYLAN MCCLARY** who were authorized and approved by **SHRINERS HOSPITAL FOR CHILDREN** to perform this surgery on

9.

On information and belief, on December 20, 2018, was placed under anesthesia and the surgery proceeded.

10.

On information and belief, after identifying a location to implant the eight plate device and aligning and tightening the cannulated 4.5 mm fully-threaded screws to fix the device to the bone, it was noted that the metaphysical screws broke at the head-shaft junction.

11.

On information and belief, Dr. Janay E McKie and/or **DR. KALAN MCCLARY aka DR. KAYLAN MCCLARY** elected to take out the plate and cannulated screws and remove the broken screwshaft from the bone using a broken screw removal set.

12.

On information and belief, Janay E McKie and/or **DR. KALAN MCCLARY aka DR. KAYLAN MCCLARY** repositioned an eight-plate and again found that the inferior screw broke at the head-shaft junction.  After removing the screws, there was not enough bony purchase for the metaphyseal seal due to the two failed screws.

13.

On information and belief, the type of eight-plate guided system(s) and cannulated screws were selected exclusively by Dr. Janay E McKie, MD and/or **DR. KALAN MCCLARY aka DR. KAYLAN MCCLARY.**

14.

On information and belief, the devices and cannulated screws selected by the doctors are listed below with name, product number and lot numbers:

    A. Orthapediatrics 20mm O-Plate
       Product No.: 00-1012-220
       Lot #1082S-E

    B. Orthopeiatrics 24mm O-plate
       Product No.: 00-1012-224
       Lot # 118771-E

    C. Orthopediatrics 32mm x 4.5 cannulated Screw
       Product No.: 00-1015-332
       Lot # 161875P

    D. Orthopediatrics 36mm x 4.5 Cannulated Screw
       Product No.: 00-1015-336
       Lot # 7717609

15.

On information and belief, defendants, **ORTHOPEDIATRICS US DISTRIBUTION CORP., ORTHOPEDIATRICS CORP. and ORTHOFIX, INC.,** were the manufacturers and/or distributors of the eight-plate implants and cannulated screws and in particular the device and cannulated screws described above.  Further these devices and cannulated screws were defective and unreasonably dangerous to foreseeable users or consumers including plaintiffs.

16.

On information and belief, at all times pertinent herein, these devices were unsafe, defective and inherently dangerous which was dangerous to users and in particular plaintiff's son,

17.

On information and belief, at all times pertinent herein, these devices and cannulated screws were defective in design when it left the hands of **ORTHOPEDIATRICS US DISTRIBUTION CORP., ORTHOPEDIATRICS CORP and ORTHOFIX, INC.** and the foreseeable risk exceeded the benefits associated with the design and therefore more dangerous than anyone could expect.

18.

Defendants, **ORTHOPEDIATRICS US DISTRIBUTION CORP., ORTHOPEDIATRICS CORP and ORTHOFIX, INC.**, had a duty to make a product, including the eight-plate and cannulated screws, which were not unreasonably dangerous for their named and intended use. These defendants breached their duty and in particular as to plaintiff and her son,

19.

Upon information and belief, Defendants, **ORTHOPEDIATRICS US DISTRIBUTION CORP., ORTHOPEDIATRICS CORP and ORTHOFIX, INC.** were employed in researching, developing, designing, licensing, manufacturing, distributing, selling, marketing and/or introducing into commerce, directly or indirectly, though listed parties or related entities, these products including the eight-plate and cannulated screws as described above.

20.

On information and belief, a principal or named reason or purpose of these devices was to minimize and/or correct leg bone deformities in children and in particular to repair or correct the condition from which            suffers.

21

On information and belief, defendants, **ORTHOPEDIATRICS US DISTRIBUTION CORP., ORTHOPEDIATRICS CORP and ORTHOFIX, INC.** manufactured, sold, tested,

promoted, designed, advertised, and distributed these two devices and cannulated screws under

warranties or instructions when caused or posed an unreasonable risk of harm.

22.

On information and belief, defendants, **ORTHOPEDIATRICS US DISTRIBUTION**

**CORP., ORTHOPEDIATRICS CORP and ORTHOFIX, INC.,** as manufactures knew or

should have known their devices and in particular those described herein were defective even

when used as instructed making them unreasonably dangerous for their named and intended use.

23.

On information and belief, defendants, **ORTHOPEDIATRICS US DISTRIBUTION**

**CORP., ORTHOPEDIATRICS CORP and ORTHOFIX, INC.,** failed to adequately test,

inspect, and ensure that these two implants were not defective or posed any unreasonable risk of

harm.  Therefore these defendants are strictly liable for all damages and injuries sustained herein

by plaintiff and her son,

24.

At all times alleged herein, defendants, **ORTHOPEDIATRICS US DISTRIBUTION**

**CORP., ORTHOPEDIATRICS CORP and ORTHOFIX, INC.,** had significant contact in the

Parish of Caddo, State of Louisiana as their products, including the eight-plate device and

cannulated screws used by **SHRINERS HOSPITAL FOR CHILDREN** are advertised,

marketed, distributed, sold and are used in surgical procedure within the Parish of Caddo, State

of Louisiana.

25.

At all times pertinent herein, Defendants, **ORTHOPEDIATRICS US DISTRIBUTION**

**CORP., ORTHOPEDIATRICS CORP and ORTHOFIX, INC.,** specifically include and

included are any and all parent company and subsidiaries.

26.

Further, defendants', **ORTHOPEDIATRICS US DISTRIBUTION CORP.,**

**ORTHOPEDIATRICS CORP and ORTHOFIX, INC.,** design, manufacturing, defects and

warnings were all a substandard factor in causing plaintiffs' injuries.

27.

Accordingly, defendants, **ORTHOPEDIATRICS US DISTRIBUTION CORP.,**

**ORTHOPEDIATRICS CORP and ORTHOFIX, INC.** are solidarily liable, herein with all of

defendants, to plaintiffs in the above and following non-exclusive particulars:

A. Defectively designed and placed into commerce in a defective and unreasonably dangerous condition when said defendants knew or should have known of its unsafe and unreasonably dangerous condition even in its intended used herein.

B. Failing to properly market, design, manufacture, distribute, and sell these products/devices.

C. Failing to warn and/or place adequate warnings and instructions for these products/devices.

D. Failing to adequately test and inspect the products/devices.

E. Failing to provide timely and adequate post-marketing warnings knowing the risk of injury.

F. Failing to design, manufacture, sell, and distribute an alternative design which was capable of preventing plaintiffs' injuries

G. Any other acts of negligence, fault and/or omissions proven at trial or which may come to light during the discovery process and which may be proven at the trial of this matter

28.

On information and belief, SHRINERS HOSPITAL FOR CHILDREN, at all times pertinent herein failed and neglected to:

A. Follow and comply with its own policies and procedures relative to purchasing, storing, inventorying, and inspecting the eight-plate devices with cannulated screws.

B. Failing to adequately review, determine, and assess the skills and training of the physicians performing this surgery and therefore is guilty of negligent credentialing

C. Failing to properly supervise these doctors ;

D. Failing to adequately inspect said device and cannulated screws before allowing them to be used and implanted.

E. Failing to warn its physicians and plaintiff of the defective condition of these devices and cannulated screws.

F. Failing to properly store and inspect these devices and cannulated screws before use.

G. Any other acts of medical negligence, fault and/or omissions proven at trial or which

may come to light during the discovery process and which may be proven at the trial

of this matter.

29.

As such, because of the non-exclusive particulars shown above, **SHRINERS**

**HOSPITAL FOR CHILDREN**, is liable, in solido, with all other defendants, unto Plaintiff for

all damages reasonable on the premises.

30.

The doctors performing the surgery, namely, Dr. Janay E McKie and **DR. KALAN**

**MCCLARY aka DR. KAYLAN MCCLARY**, are also liable unto plaintiff, in solido, with all

other defendants, for the following non-exclusive particulars which were also a proximate cause

of plaintiff and her son's injuries and damages.

31.

On information and belief, Dr. Janay E McKie[1] and **DR. KALAN MCCLARY aka DR.**

**KAYLAN MCCLARY**, at all times pertinent herein deviated from the standard of care of

physicians similarly situated and in particular in the field of pediatric orthopedic surgeon as

follows :

A. Failing to possess the necessary skills and knowledge required.

B. Failing to follow instructions on the use and placement of said devices and cannulated

screws.

C. Failing to inspect or properly handle the cannulated screws.

D. Failing to recognize and know the unacceptable rate of failure for such devices in

patients with Blount Disease.

E. Failing to select a proper device and screws considering the patient's condition.

F. Any other acts of negligence, fault and/or omissions proven at trial or which may

come to light during the discovery process and which may be proven at the trial of

this matter

32.

---

[1] Dr. Dr. Janay E McKie is not named a defendant herein as she is a qualified private health care provider enrolled
with the Patient's Compensation Fund pursuant to La. R.S. 40:1231.1, et seq.

As a result of the failed surgery,                    no longer qualifies for a left hemlepiphysiodesis of the lateral proximal tibia with eight-Plate application,  He will be required to have an alternative, more invasive procedure, including the installation of an external halo and a much longer corrective and rehabilitative period of time, and as such has lost a chance of a better result.

33.

Because of the above non-exclusive particulars, all named defendants are liable herein unto plaintiff, in solido, for the injuries and damages reasonable in the premises, together with all reasonable attorney fees allowed by law, legal interest from date of judicial demand, all costs of Court and expert witness fees and for all general and equitable relief.

.  WHEREFORE, Plaintiffs' pray that after due proceedings are had there be Judgment herein in their favor and against all defendants, in solido, as shown above, and for all damages reasonable in the premises, for all general and all special damages, including but not limited to those shown herein, for legal interest from date of judicial demand together with all reasonable attorney fees allowed by law, legal interest from date of judicial demand, all costs of Ccourt and expert witness fees and for all general and equitable relief.

Respectfully submitted by:

**STEMMANS & ALLEY, A Professional Limited Liability Company**

W. MICHAEL STEMMANS (No. 12439)
**M. TODD ALLEY** (No. 24934)
**MICHAEL J. TAFFARO** (No. 28244)
**JENNIFER E. FREDERICKSON** (No. 30510)
2798 O'Neal Lane, Suite B-3
Baton Rouge, Louisiana  70816
Telephone: (225) 752-5266
Facsimile:  (225) 752-5265
**ATTORNEYS FOR PLAINTIFFS**

**PLEASE SERVE PERSONALLY AT THIS TIME:**

**ORTHOPEDIATRICS US DISTRIBUTION CORP.**
Through its Agent for Service of Process:
C T Corporation System
3867 Plaza Tower Dr
Baton Rouge, LA 70816

**ORTHOPEDIATRICS US DISTRIBUTION CORP.**
Through its Agent for Service of Process:
Daniel J. Gerritzen
2850 Frontier Drive
Warsaw, IN 46582

**ORTHOFIX, INC.**
Through its Agent for Service of Process:
CORPORATION SERVICE COMPANY
501 Louisiana Avenue
Baton Rouge, LA 70802

**SHRINERS HOSPITAL FOR CHILDREN**
Through its Agent for Service of Process:
C T Corporation System
3867 Plaza Tower Dr
Baton Rouge, LA 70816

**DR. KALAN MCCLARY aka DR. KAYLAN MCCLARY**
Through her Place of Employment:
Shriners Hospital for Children
301 Samford Aven
Shreveport, LA 71103

621353-C

TINA ATOE, INDIVIDUALLY
AND AS NATURAL TUTRIX/GUARDIAN
FOR AND ON BEHALF OF HER MINOR
CHILD,

NUMBER:          SECTION:

1ST JUDICIAL DISTRICT COURT

VERSUS

PARISH OF CADDO

ORTHOPEDIATRICS US DISTRIBUTION
CORP., ORTHOPEDIATRICS CORP.
SHRINERS HOSPITAL FOR CHILDREN,
ORTHOFIX, INC.,, et al.

STATE OF LOUISIANA

### REQUEST FOR WRITTEN NOTICE OF ANY ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of

Civil Procedure, you are hereby requested to sent to the undersigned counsel of record for TINA

ATOE, INDIVIDUALLY, AND AS NATURAL TUTRIX/GUARDIAN FOR AND ON

BEHALF OF HER MINOR CHILD,           written notices by mail, at least ten (10)

days in advance of any date fixed for any trial or hearing on this case, whether on exceptions,

rules or on the merits thereof, or any assignment of fixing of said case.

And in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code

of Civil Procedure, you are hereby also requested to send to the undersigned immediately notice

of any order or judgment made or rendered in this case, upon the entry of such order or

judgment.

This request for notice is made with full reservation of all rights.

Respectfully submitted by:

**STEMMANS & ALLEY, A Professional
Limited Liability Company**

W. MICHAEL STEMMANS (No. 12439)
M. TODD ALLEY (No. 24934)
MICHAEL J. TAFFARO (No. 28244)
JENNIFER E. FREDERICKSON (No. 30510)
2798 O'Neal Lane, Suite B-3
Baton Rouge, Louisiana 70816
Telephone: (225) 752-5266
Facsimile: (225) 752-5267
**ATTORNEYS FOR PLAINTIFFS**

PGS ___ EXH ___ MIN ___
CC ___ CP ___ MAIL ___ N/J ___
INDEX ___ REC ___ FAX ___
W/D DOC ___ CERT MAIL ___
SERVICE ___

$100 FILED

DEC 20 2019

JIM ECOTT
DEPUTY CLERK OF COURT
CADDO PARISH

7193

Amy Connors Fax Server Report 2                                                (275)  06/29/2020 05:16:10 PM -0500

TINA ATOE, ET AL.                          NO. 621353-C

VERSUS                                     1ST JUDICIAL DISTRICT COURT

ORTHOPEDIATRICS US                         PARISH OF CADDO
DISTRIBUTION CORP., ET AL.
                                           STATE OF LOUISIANA

FILED:_____    _____
                                           DEPUTY CLERK

## FAX

## AFFIDAVIT OF RETURN OF SERVICE

I, AMY G. CONNORS, state as follows:

1. I am a legal secretary with the law firm of Chaffe McCall, L.L.P.

2. On June 22, 2020, on behalf of Orthofix, Inc., I placed the Dilatory and Peremptory

Exceptions and the Rule to Show Cause, all of which have been filed into the record, in a Federal

Express envelope which was sent via Federal Express to Plaintiffs Tina Atoe and

counsel of record with the tracking numbers displayed in Exhibit A.

3. The above-referenced documents were delivered to Plaintiffs' counsel of record on

June 23, 2020 as shown in Exhibit A.

Dated: June 29, 2020.

                                    _____
                                            AMY G. CONNORS


Sworn to and subscribed before me
Notary, this 29 day of June, 2020.

_____
NOTARY PUBLIC

My commission is issued for life.

     Rosalie M. Haug
      Notary Public
Bar No. 37720 · Notary No. 152602
    State of Louisiana
Commission Issued For Life

3795219-1

PGS ___1___ EXH __3__ MIN ___✓___
CC _____ CP _____ MAIL ___ N/J ___
INDEX _____ REC _____ FAX ___✓___
W/D DOC _____ CERT MAIL ___
SERVICE _____


FILED

JUN 30 2020

MIKE SPENCE
CLERK OF COURT
CADDO PARISH

TINA ATOE, INDIVIDUALLY                    NUMBER:   621353      SECTION: C
AND AS NATURAL TUTRIX/GUARDIAN
FOR AND ON BEHALF OF HER MINOR
CHILD,                                     1ST JUDICIAL DISTRICT COURT

VERSUS
                                           PARISH OF CADDO
ORTHOPEDIATRICS US DISTRIBUTION
CORP., ORTHOPEDIATRICS CORP.
SHRINERS HOSPITAL FOR CHILDREN,
ORTHOFIX, INC.,, et al.                    STATE OF LOUISIANA

## MOTION AND ORDER TO DISMISS

NOW INTO COURT, through undersigned counsel, comes **TINA ATOE,**

**INDIVIDUALLY AND AS NATURAL TUTRIX/GUARDIAN FOR AND ON BEHALF**

**OF HER MINOR CHILD,**              , plaintiffs, who respectfully pray that all claims

herein be dismissed without prejudice as to defendant, **SHRINERS HOSPITAL FOR**

**CHILDREN** only and with Plaintiffs reserving their rights against all other defendants and

parties.

Respectfully submitted by:
**STEMMANS & ALLEY, a Professional Limited
Liability Company**

*W. Michael Stemmans*

**7193**      **W. MICHAEL STEMMANS** (No. 12439)
**M. TODD ALLEY** (No. 24934)
**MICHAEL J. TAFFARO** (No. 28244)
**JENNIFER E. FREDERICKSON** (No. 30510)
2798 O'Neal Lane, Suite B-3
Baton Rouge, Louisiana 70816
Telephone: (225) 752-5266  Fax: (225) 752-5265
**ATTORNEYS FOR PLAINTIFF**

## ORDER

Considering the above and foregoing motion:

**IT IS ORDERED, ADJUDGED AND DECREED** that all claims herein against

**SHRINERS HOSPITAL FOR CHILDREN** only be hereby dismissed without prejudice with

Plaintiffs reserving their rights against all other defendants and parties..

READ, RENDERED, AND SIGNED in Shreveport, Louisiana, this ___5___ day of

_MAY_____, 2020.

_____
**JUDGE, 1ST JUDICIAL DISTRICT COURT**





TINA ATOE, ET AL

VERSUS

ORTHOPEDIATRICS US
DISTRIBUTION CORPORATION, ET AL

No. 621353-C

1ST JUDICIAL DISTRICT COURT

PARISH OF CADDO

STATE OF LOUISIANA

FILED: _____

_____
DEPUTY CLERK

## NOTICE OF RECORDS DEPOSITION

To:    Plaintiff, Tina Atoe, Individually and as
Natural Tutrix/Guardian for and on
behalf of Her Minor Child,
Through their attorney of record,
W. Michael Stemmans, Esq.
Stemmans & Alley
2798 O'Neal Lane, Suite B-3
Baton Rouge, LA 70816

PLEASE TAKE NOTICE that, pursuant to the Louisiana Code of Civil Procedure, Orthofix, Inc., a defendant, through undersigned counsel, will take the deposition of the Custodian of Medical Records for Shriners Hospitals for Children, **for purposes of production of records only,** on the 3rd day of July, 2020, beginning at 9:00 a.m. and thereafter from day to day as the taking of the deposition may be adjourned, at the offices of Chaffe McCall, L.L.P., 2300 Energy Centre, 1100 Poydras Street, New Orleans, Louisiana 70163, at which time and place you are hereby notified to appear and take part in such manner as you shall see fit and proper.

Defendant has caused a subpoena duces tecum to be issued for documents in the possession or control of the Custodian of Medical Records for Shriners Hospitals for Children, in accordance with La. R.S. 13:3715.1, to produce the following documents:

Certified copies of any and all charge sheets, medical records, hospital records, clinic records and itemized billing records in your possession, including but not limited to, any and all records relating to **DOB:** including but not limited to, all records, information and opinions in your possession relating to _____ including by way of example, but not limited to, the following specific writings: any material that enabled you or any healthcare provider to diagnose, treat, prescribe, or act for _____ which said writings, information, or opinions may include, but are not limited to, any and all hospital, medical, or office records of any sort, reports, charts, notes, correspondence, memoranda, autopsy reports, medical bills, financial statements, statements of account, insurance claims, payments made, write-offs, x-rays, films, photographs, lab tests, lab results, lab reports, prescriptions, pharmacy records, diagnoses and prognoses related to _____ whether generated by you or some other healthcare provider, and any other information concerning any confinement, examination, treatment, or condition of _____ including, but not limited to, medical treatment, examination or counseling, or any other treatment for any medical condition.

3776866-1

$____ FILED

JUN 12 2020

SANDY ROTHELL
DEPUTY CLERK OF COURT
CADDO PARISH

**PLEASE NOTE THAT THIS DEPOSITION IS FOR DOCUMENT PRODUCTION ONLY. IF ALL REQUIRED DOCUMENTS ARE PRODUCED PRIOR TO JULY 3, 2020, AN APPEARANCE WILL NOT BE NECESSARY.**

New Orleans, Louisiana, this _____ 4 _____ day of June, 2020.

Respectfully submitted,

CHAFFE McCALL, L.L.P.

_____
BRENT A. TALBOT (#19174), T.A.
CHARLES P. BLANCHARD (#18798)
PETER J. ROTOLO (#21848)
JESSE G. FRANK (#38220)
-of-
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 544-6095
*Attorneys for Defendant, Orthofix, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify on this _____ 4 _____ day of June, 2020, a copy of the foregoing was served upon counsel of record to this proceeding, by e-mailing, mailing the same by United States mail, properly addressed, and first class postage prepaid or mailing by registered or certified mail.

_____

2

TINA ATOE, ET AL

VERSUS

ORTHOPEDIATRICS US
DISTRIBUTION CORPORATION, ET AL

FILED: _____

No. 621353-C

1ST JUDICIAL DISTRICT COURT

PARISH OF CADDO

STATE OF LOUISIANA

_____
DEPUTY CLERK

## A F F I D A V I T

STATE OF LOUISIANA
PARISH OF ORLEANS

**BEFORE ME**, the undersigned authority, personally came and appeared:

**BRENT A. TALBOT**

who, after being duly sworn by me, Notary Public, deposed and stated as follows:

1.      That he is the attorney for defendant, Orthofix, Inc.;

2.      That he issued a Notice of Records Deposition for records to the Custodian of Medical

Records from Shriners Hospitals for Children;

3.      That a copy of the Notice of Records Depositions issued herein has been sent by United

States certified mail, return receipt requested, properly addressed and first class postage prepaid

to W. Michael Stemmans, Esq., counsel of record for plaintiff, Tina Atoe, Individually and as

Natural Tutrix/Guardian for and on behalf of Her Minor Child,

4.      That such notification by U.S. certified mail, return receipt requested, properly addressed

and first class postage prepaid on June 4, 2020, is a prerequisite for release of documents and

material responsive to said subpoena duces tecum pursuant to La. R.S. 13:3715.1.

_____
BRENT A. TALBOT

SWORN AND SUBSCRIBED BEFORE ME
THIS _____ JUNE, 2020

_____
NOTARY PUBLIC

**Rosalie M. Haug**
Notary Public
Bar No. 37720 - Notary No. **152602**
State of Louisiana
Commission Issued For Life

$___ FILED

JUN 12 2020

SANDY ROTHELL
DEPUTY CLERK OF COURT
CADDO PARISH

3778004-1

PLACED IN MINUTES

**TINA ATOE, ET AL.**                          **NO. 621353-C**

**VERSUS**                                     **1ST JUDICIAL DISTRICT COURT**

**ORTHOPEDIATRICS US**                         **PARISH OF CADDO**
**DISTRIBUTION CORP, ET AL.**
                                               **STATE OF LOUISIANA**

**FILED:**_____            _____
                                                        **DEPUTY CLERK**

## ORTHOFIX, INC.'S DILATORY AND PEREMPTORY EXCEPTIONS

NOW INTO COURT, through undersigned counsel, comes Orthofix, Inc., ("Orthofix"), a

defendant, and pursuant to La. Code Civ. Proc. art. 926, respectfully excepts to plaintiffs'

Petition for Damages on the grounds that plaintiff, Tina Atoe, lacks procedural capacity under

La. Code Civ. Proc. arts. 683 and 4061.1 to sue on behalf of

Orthofix further excepts, under La. Code Civ. Proc. art. 927, to plaintiffs' Petition for

Damages on the ground of no right of action for the same reasons that Tina Atoe lacks

procedural capacity.

Under La. Code Civ. Proc. art. 927, Orthofix further excepts to plaintiffs' Petition for

Damages on the grounds that plaintiffs assert negligence and other claims that are not cognizable

under the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. § 9:2800.51, *et seq.*; and, to

the extent that any of plaintiffs' claims may be cognizable under the LPLA, plaintiffs have not

pled all of the necessary elements of an LPLA claim.

Orthofix's grounds for these exceptions are more fully set forth in the accompanying

Memorandum of Law in Support of the Exceptions.

Respectfully submitted,

_____
BRENT A. TALBOT (#19174), T.A.
CHARLES P. BLANCHARD (#18798)
PETER J. ROTOLO (#21848)
JESSE G. FRANK (#38239)
-of-
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 544-6095
*Attorneys for Defendant, Orthofix, Inc.*

PGS_____ EXH_____ MIN_____
CC_____ CP_____ MAIL_____ N/J_____
INDEX_____ REC_____ FAX_____
W/D DOC_____ CERT MAIL_____
SERVICE_____

$_____ FILED
JUN 01 2020
TORI HAYES
DEPUTY CLERK OF COURT
CADDO PARISH

ROUTE TO
MINUTE CLERK

3758519-1

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon

all counsel of record by electronic mail, telefax and/or U.S. Mail, postage prepaid and properly

addressed, this _____ day of May, 2020.

BRENT A. TALBOT

TINA ATOE, ET AL.

VERSUS

ORTHOPEDIATRICS US
DISTRIBUTION CORP, ET AL.

FILED:_____

NO. 621353-C

1ST JUDICIAL DISTRICT COURT

PARISH OF CADDO

STATE OF LOUISIANA

_____
DEPUTY CLERK

## ORTHOFIX, INC.'S MEMORANDUM IN SUPPORT OF DILATORY AND PEREMPTORY EXCEPTIONS

Orthofix, Inc. ("Orthofix"), a defendant, submits this memorandum of law in support of

its dilatory and peremptory exceptions.

## I.   INTRODUCTION AND BACKGROUND

Tina Atoe filed suit individually and on behalf of her minor son,          alleging

injuries to          from a surgical procedure.  Tina Atoe alleges that she is the "natural

tutrix" of          but she has not pled the requirements of La. Code Civ. Proc. art.

4061.1(A) and (B).  (Petition ¶ 4).

Plaintiffs sweepingly allege that Orthofix and unrelated defendants, Orthopediatrics US

Distribution Corp. and Orthopediatrics Corp., manufactured two "eight-plate" medical implant

devices with cannulated screws used in a surgical procedure on          *See* Petition, ¶¶ 7,

10-12, and 21-22.  Plaintiffs allege that the manufacturer defendants "knew or should have

known" that their devices were "defective," that the defendants "fail[ed] to adequately test and

inspect the devices," and that the alleged manufacturers provided warranties that caused an

unreasonable risk of harm. (Petition, ¶¶ 21-23).

Plaintiffs then make conclusory allegations asserting all alleged manufacturers' liability

under various theories, including that the defendants (1) "defectively designed and placed into

commerce" a defective "condition;" (2) "fail[ed] to properly market, design, manufacture,

distribute and sell the products/devices;" (3) failed to warn and/or place adequate warnings and

instructions; (4) failed to adequately "test and inspect" the devices; (5) failed to provide timely

and adequate "post-marketing warnings;" (6) failed "to design, manufacture, sell, and distribute

an alternative design" capable of preventing the injury; and (7) are liable under "any other acts of negligence, fault and/or omission proved at trial." *See* Petition ¶ 27 (A) – (G).

Nowhere do plaintiffs mention the LPLA, allege a specific violation of the LPLA, or make specific allegations of the elements required to maintain an LPLA claim under La. Rev. Stat. 9:2800.51, *et seq.*

## II.   LAW AND ARGUMENT

### A.   Tina Atoe Lacks Procedural Capacity and Has No Right of Action.

The exception of lack of procedural capacity is an appropriate method of challenging the capability of a plaintiff to sue on behalf of other persons. *City of Alexandria, Through Snyder v. Lanier*, 446 So. 2d 547, 551 (La. App. 3d Cir. 1984). La. Code Civ. Proc. art. 683 provides, in pertinent part:

A. An unemancipated minor has no procedural capacity to sue.
B. **All persons having parental authority over an unemancipated minor must join as proper plaintiffs to sue to enforce a right of the minor, unless a joint custody implementation order otherwise applies.** Nevertheless, with permission of the court, any person having parental authority may represent the minor whenever the other person having parental authority fails or refuses to do so. (Emphasis added.)
C. During tutorship, the tutor is the proper plaintiff to sue to enforce a right of the unemancipated minor.

And La. Code Civ. Proc. art. 4061.1 provides:

A. Notwithstanding Article 4061, the natural tutor of a minor child may file an action for damages based on a delictual obligation without the necessity of qualifying as tutor pursuant to Article 4061 and without the necessity of filing a petition pursuant to Article 4031, if the natural tutor is any of the following:
(1) The surviving parent of the minor child.
(2) The parent under whose sole care the minor child has been placed when the parents are divorced or judicially separated from bed and board.
(3) The mother of her child born outside of marriage not acknowledged by the father, or acknowledged by him alone without her concurrence.
B. The petitioner in an action for damages based on a delictual obligation shall allege in the petition that he qualifies under Paragraph A of this Article to act of right as tutor, and the petitioner shall set forth the facts, including the relationship to the minor child, entitling the petitioner to act as tutor.
C. This Article shall not apply to parents who share joint custody of the minor child or to parents who have both acknowledged their child born outside of marriage pursuant to the Civil Code.

Contrary to the requirements of La. Code Civ. Proc. art. 683(B), Tina Atoe failed to join the father of the minor child            and failed to allege and establish her right to bring claims of the minor child in the absence of the father. Additionally, Tina Atoe has not alleged and established her right to file this action alone on behalf of the minor child as natural tutrix, as required under La. Code Civ. Proc. art. 4061.1(A) and (B).

Accordingly, this Court should grant Orthofix's dilatory exception of lack of procedural capacity and require Tina Atoe to amend to either add as a plaintiff the father of the minor or otherwise establish and properly allege her right to bring these claims on behalf of the minor in the absence of his father under La. Code Civ. Proc. art. 4061.1.

Moreover, Tina Atoe has no right of action on behalf of the minor if the requirements for her to sue in a representative capacity on his behalf are not met. The party who brings an action must have "a real and actual interest which [she] asserts." La. Code Civ. Proc. art. 681; *Chatelain v. State, DOTD*, 586 So.2d 1373, 1377-78 (La. 1991). Plaintiff must establish, but has not, that she has the capacity to sue for the minor. *Chatelain, supra*. This Court should grant Orthofix's peremptory exception of no right of action.

## B. The LPLA's Theories of Recovery Are Exclusive, and Plaintiffs Assert Claims that Are Not Cognizable under the LPLA and Failed to Plead the Elements of any LPLA Claim.

"The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant under the factual allegations of the petition. . . . The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in the law based on the facts alleged in the pleading." *Hoag v. State*, 2004-0857 (La. 12/1/04); 889 So. 2d 1019, 1025; *City of New Orleans v. Bd. of Comm'r of the Orleans Levee Dist.*, 93-0690 (La. 7/5/94); 640 So. 2d 237 (La. 1994).

The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. 9:2800.52. It provides that a "claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability not set forth in the LPLA." La. R.S. 9:28090.52; *Lavergne v. America's Pizza Co.*, 2002-889 (La. App. 3 Cir. 2/5/03); 838 So. 2d 845, 847; *Hanover American Ins. Co. v. Trippe Mfg.*, 37,060 (La. App. 2 Cir. 4/9/03); 843 So. 2d 571, 575.

Plaintiffs seeking to recover against manufacturers of allegedly defective products must satisfy their burden of proof through one of the following statutory categories, which are the sole theories of recovery against a product manufacturer: (1) defect in construction or composition; (2) defect in design; (3) inadequate warning; or (4) failure to comply with an express warranty. La. R.S. 9:2800.54(B)(1-4); *Ashley v. General Motors Corp.*, 27,851 (La. App. 4th Cir. 1/24/96), 666 So.2d 1320, 1322. Absent proof that plaintiff's injuries were proximately caused by a

3

product that is unreasonably dangerous in one of these four ways, and that the damages were proximately caused by a reasonably anticipated use, a manufacturer of the product is not liable. *Clark v. Favalora,* 98-1802 (La. App. 1st Cir. 9/24/99), 745 So.2d 666, 674.

Under the LPLA's unequivocal language, courts applying Louisiana law routinely dismiss claims against manufacturers that do not rise under and are inconsistent with the LPLA's four exclusive theories. *See Lavergne,* 838 So.2d 845 (negligence claim barred by LPLA); *Grenier v. Med. Eng'g Corp.,* 99 F. Supp. 2d 759, 763 (W. D. La. 2000) (plaintiff's claims for strict liability, negligence, breach of warranty for fitness for particular purpose, breach of implied warranty, misrepresentation, fraud by concealment, false advertising, negligent infliction of emotional distress, common plan to prevent public awareness of hazard and future product failure were not cognizable under LPLA); *Jefferson v. Lead Indus. Ass'n, Inc.,* 106 F.3d 1245, 1251 (5th Cir. 1997) (affirming dismissal of plaintiff's claims of negligence, fraud by misrepresentation, market share liability, breach of implied warranty of fitness, and civil conspiracy due to exclusivity of LPLA); *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 261 (5th Cir. 2002) ("[F]or causes of action arising after the effective date of the LPLA, negligence, strict liability, and breach of express warranty are not available as theories of recovery against a manufacturer, independent from the LPLA.").

Plaintiffs' claims based on negligence, failure to properly market, failure to adequately test, and failure to provide "post-marketing" warnings (Petition ¶ 27(A), (B), (D), and (G)) are prohibited by the LPLA, and this Court should dismiss them.

Furthermore, plaintiffs have not pled facts sufficient to support a cause of action under the LPLA for a construction defect, design defect, inadequate warning, or breach of an express warranty, and this Court should therefore dismiss plaintiffs' entire action against Orthofix.

Under La. R.S. 9:2800.55, the LPLA recognizes a remedy for damages caused by a product that "deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." This provision allows a cause of action for a defect in the product's construction or composition allegedly resulting from a "mistake" in the manufacturing process, where the manufacturer departs from its own production standards. *See Stahl,* 283 F.3d at 262-63; *Aucoin v Amneal Pharms., LLC,* 2012 WL 2990697, at *10 (E.D. La. July 20, 2012). Liability under this LPLA theory may not be imposed as long as the product was manufactured according to the

4

defendant manufacturer's own process, specifications, or performance standards. *See Deshotel v. Rhône-Poulenc, Inc.*, 969 F. Supp. 397, 403 (W.D. La. 1997).

Plaintiffs do not allege that Orthofix's alleged product was defectively manufactured in its construction or composition or that Orthofix failed to adhere to its own manufacturing standards or specifications. There is no construction defect claim pled here against Orthofix. *See Aucoin*, 2012 WL 2990697 at 10-11 (dismissing with prejudice a claim for a construction or composition defect under the LPLA for failure to satisfy the requisite pleading standards, where the plaintiff had not alleged "that the medicine he received deviated in any way from the manufacturer's production standards or from the manufacturer's otherwise identical products. . ."). Plaintiffs' conclusory allegation that the devices were "defective" states no valid claim for a defect in construction or composition under the LPLA. *Saienni v. Peters*, No. 14-505, 2015 U.S. Dist. LEXIS 15208, at *3-4 (M.D. La. Feb. 9, 2015) ("[Plaintiff] fails to allege any facts regarding two elements of his LPLA claim.").

To state a cause of action for a design-defect under the LPLA, the plaintiff must assert that, at the time the product left the manufacturer's control, "[t]here existed an alternative design for the product that was capable of preventing the claimant's damage" and that the danger of the damage outweighed the manufacturer's burden of adopting the alternative design. *See* La. R.S. 9:2800.56. "In both defective design and failure to warn cases [under the LPLA], courts have adopted a risk-utility analysis to determine the liability." *Krummel v. Bombardier Corp.*, 206 F.3d 548, 551 (5th Cir. 2000). An alternative design for the product is an "essential element" of an LPLA design-defect claim. *Aucoin*, 2012 WL 2990697, at *10.

Plaintiffs' conclusory and threadbare allegation that Orthofix "fail[ed] to design ... an alternative design which was capable of preventing plaintiffs' injuries" (Petition ¶ 27(F)) is insufficient to state a cause of action. *Rivers v. Remington Arms Co.*, No. 17-17124, 2018 U.S. Dist. LEXIS 19975, at *9 (E.D. La. Feb. 7, 2018) ("[Plaintiff] does not allege any facts relating to a viable alternative design; he simply declares that one exists. Such threadbare assertions, however, are insufficient to state a claim under the LPLA."). Plaintiffs also do not provide any detail as what alternative design existed and how it would have prevented plaintiff's alleged injury. *See Aucoin*, 2012 WL 2990697, at *11 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . do not suffice to state a viable cause of action.").

Plaintiffs' "failing to warn" claim likewise fails.  Though they make a threadbare assertion that several defendants failed to adequately warn, Petition ¶ 27(C), plaintiffs fail to make any specific factual allegations as to a warning, how a warning was inadequate, and how the alleged lack of an adequate warning was the proximate cause of the incident.  *Watson v. Bayer Healthcare Pharm., Inc.*, No. 13-212, 2013 U.S. Dist. LEXIS 52296, at *14 (E.D. La. Apr. 11, 2013) (Plaintiff "fails to allege facts suggesting how Bayer's allegedly inadequate warning caused her specific injury.  Ms. Watson's failure to allege facts showing a causal connection between her injury and Mirena®'s warning renders her inadequate warning claim implausible.").  Plaintiffs' LPLA inadequate warning theory of recovery fails.

The LPLA also provides that a product is unreasonably dangerous when it does not conform to an express warranty made by the manufacturer about the product, "if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue."  La. R.S. 9:2800.58.  Plaintiffs merely assert that defendants manufactured the devices "under warranties or instructions that caused or posed an unreasonable risk of harm."  Petition, ¶ 21.  Plaintiffs do not assert what warranties existed, what the warranties stated, how the alleged "warranties" applied to the alleged unreasonably dangerous condition, or that the alleged warranties were the proximate cause of her alleged injuries.  Plaintiffs' factual allegations fail to state a cause of action for breach of express warranty under the LPLA.  *Rivers,* 2018 U.S. Dist. LEXIS 19975, at *9-10 (E.D. La. Feb. 7, 2018) (dismissing Plaintiff's conclusory claim that the product "failed to conform to at least one express warranty" because the Plaintiff "does not allege what warranty, if any, was made to him, nor does he explain how the rifle failed to conform such warranty").  Because plaintiffs failed to allege that an express warranty had anything to do with the alleged incident, they have no warranty claim.

## III.   CONCLUSION

For all the above reasons, this Court should grant Orthofix's dilatory exception of lack of procedural capacity and peremptory exception of no right of action because Tina Atoe has not sufficiently pled or established her capacity and right to sue on                    behalf.

This Court should also grant Orthofix's peremptory exception of no cause of action and dismiss all of plaintiffs' claims against Orthofix because plaintiffs' claims are either not

cognizable under the LPLA or because plaintiffs have not pled the required elements of an LPLA claim.

Respectfully submitted,

BRENT A. TALBOT (#19174), T.A.
CHARLES BLANCHARD (#18798)
PETER J. ROTOLO (#21848)
JESSE G. FRANK (#38220)
          -of-
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 544-6095
*Attorneys for Defendant, Orthofix, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon

all counsel of record by electronic mail, telefax and/or U.S. Mail, postage prepaid and properly

addressed, this 28 day of May, 2020.

BRENT A. TALBOT

TINA ATOE, ET AL.

VERSUS

ORTHOPEDIATRICS US
DISTRIBUTION CORP, ET AL.

FILED:_____

NO. 621353-C

1ST JUDICIAL DISTRICT COURT

PARISH OF CADDO

STATE OF LOUISIANA

_____
DEPUTY CLERK

## RULE TO SHOW CAUSE

It is hereby ordered that Plaintiffs show cause on the 27 day of July,

2020, at 10:30 o'clock a.m. why the Dilatory Exception of Lack of Procedural Capacity and

Peremptory Exceptions of No Right of Action and No Cause of Action filed by defendant

Orthofix, Inc. should not be granted.

SHREVEPORT, LOUISIANA this ___/___ day of June 2020.

_____
JUDGE

**PLEASE SERVE:**
Plaintiffs, Tina Atoe, Individually and as natural tutrix/guardian
for and on behalf of her minor child
Through their counsel of record
W. Michael Stemmans
Stemmans & Alley
2798 O'Neal Lane, Suite B-3
Baton Rouge, LA  70816

ROUTE TO
MINUTE CLERK

TINA ATOE, ET AL.                          NO. 621353-C
                                           STATE OF LOUISIANA
VERSUS                                     PARISH OF CADDO

ORTHOPEDIATRICS US                         FIRST JUDICIAL DISTRICT COURT
DISTRIBUTION CORP, ET AL.

FILED:_____      _____
                                           DEPUTY CLERK

## MOTION AND ORDER FOR EXTENSION OF TIME
## WITHIN WHICH TO PLEAD

**ON MOTION** of Orthofix, Inc., sought to be named defendant herein, reserving all

exceptions and defenses, and on suggesting to the Court that counsel will require additional time

to investigate this matter before filing a response, and on further suggesting that no prior

extension of time has been sought, and no objection to an extension of time has been served,

### O R D E R

**IT IS HEREBY ORDERED** that Orthofix, Inc. be and is hereby granted an additional

thirty (30) days, or until **March 13, 2020**, within which to respond to the Petition for Damages.

Shreveport, Louisiana, this _15_ day of February, 2020.

_____
                                    DISTRICT JUDGE

Respectfully submitted,

_____
BRENT A. TALBOT (#19174), T.A.
AMY L. McINTIRE (#35241)
JESSE G. FRANK (#38220)
        -of-
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 544-6095     #1172
*Attorneys for Defendant,*
*Orthofix, Inc.*

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon
all counsel of record by electronic mail, telefax and/or U.S. Mail, postage prepaid and properly
addressed, this 12th day of February, 2020.

_____
                                    BRENT A. TALBOT

PGS___1___ EXH__1__ MIN___
CC_3__ CP____ MAIL___N/J___
INDEX____ REC_____ FAX____
W/D DOC____ CERT MAIL____
SERVICE_____

3677328-1

$49 FILED

FEB 18 2020
DEPUTY CLERK OF COURT
CADDO PARISH

| | |
|---|---|
| **TINA ATOE, INDIVIDUALLY AND AS NATURAL TUTRIX/GUARDIAN FOR AND ON BEHALF OF HER MINOR CHILD,** | **NUMBER:   621353   SECTION: C** |
| | **1ST JUDICIAL DISTRICT COURT** |
| **VERSUS** | |
| | **PARISH OF CADDO** |
| **ORTHOPEDIATRICS US DISTRIBUTION CORP., ORTHOPEDIATRICS CORP. SHRINERS HOSPITAL FOR CHILDREN, ORTHOFIX, INC., et al.** | **STATE OF LOUISIANA** |

## MOTION AND ORDER FOR PARTIAL DISMISSAL

**NOW INTO COURT**, through undersigned counsel, comes **TINA ATOE, INDIVIDUALLY AND AS NATURAL TUTRIX/GUARDIAN FOR AND ON BEHALF OF HER MINOR CHILD,** plaintiffs, who respectfully pray that all claims herein be dismissed as to defendant, ORTHOFIX, INC., only and with Plaintiffs reserving their rights against all other defendants and persons.

Respectfully submitted by:
**STEMMANS & ALLEY, a Professional Limited Liability Company**

**W. MICHAEL STEMMANS** (No. 12439)
**M. TODD ALLEY** (No. 24934)
**MICHAEL J. TAFFARO** (No. 28244)
**JENNIFER E. FREDERICKSON** (No. 30510)
2798 O'Neal Lane, Suite B-3
Baton Rouge, Louisiana 70816
Telephone: (225) 752-5266  Fax: (225) 752-5265
**ATTORNEYS FOR PLAINTIFF**

## ORDER

Considering the above and foregoing motion:

**IT IS ORDERED, ADJUDGED AND DECREED** that all claims herein against ORTHOFIX, INC. only be hereby dismissed with Plaintiffs reserving their rights against all other defendants and persons.

READ, RENDERED, AND SIGNED in Shreveport, Louisiana, this 15 day of September, 2020.

JUDGE, 1st JUDICIAL DISTRICT COURT

$55 FILED
SEP 14 2020
TORI HAYES
DEPUTY CLERK OF COURT
CADDO PARISH

7193

PGS ___  EXH ___  HIN ___
CC ___  CP ___  MAIL ___  N/J ___
INDEX ___  REC ___  FAX ___
W/D DOC ___  CERT MAIL ___
SERVICE ___

mollym                                                                    CPCC.CV.1929892

# Rule to Show Cause

38.96

TINA ATOE, ET AL                        NO. 621353 – C
VS                                      STATE OF LOUISIANA
ORTHOPEDIATRICS US DISTRIBUTION CORP, ET    PARISH OF CADDO
AL

FIRST JUDICIAL DISTRICT COURT

TO:  TINA ATOE
     ET AL, THRU W MICHAEL STEMMANS, COUNSEL
     2798 O'NEAL LN STE B-3
     BATON ROUGE, LA
     70816

                        GREETINGS:

     YOU ARE HEREBY ORDERED, DIRECTED, AND COMMANDED, in the name of the State of
Louisiana and of this Honorable Court, to show cause before this Court on **JULY 27, 2020**, at **10:30AM**, why
you should not comply with all that is contained in the certified copy of the order which accompanies this
RULE AND HEREIN FAIL NOT.

WITNESS the Honorable Judges of our Court on this date June 3, 2020.

OTHER:    ORTHOFIX INC DILATORY AND          MIKE SPENCE, CLERK OF COURT
          PEREMPTORY EXCEPTIONS

                                        By
                                                Deputy Clerk

                                        _____
                                        BRENT TALBOT
                                        Attorney
---------------------------------------------------------------------------
SERVICE INFORMATION:          Date  6/17/20

Personal  X  Domiciliary ____  to  Atty. W. Michael Stemmans
                                   thru paralegal Nicole Tyler

Unserved _____ because _____

Remarks _____

                    _____Thomas Wahl_____
                        Deputy Sheriff

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

                        FILED
                    SHERIFF RETURN

                    JUN 25 2020

                    MIKE SPENCE
                    CLERK OF COURT

hannahh                                                                    CPCC.CV.1967934

# Subpoena For Witness - Deposition

MURRAY WASHINGTON                          NO. 621753 – B
        VS                                 STATE OF LOUISIANA
CUSTOM BILT CABINET AND SUPPLY INC, ET     PARISH OF CADDO
AL

                                           FIRST JUDICIAL DISTRICT COURT

TO:  TRENTON MANNING
     THRU BEN MARSHALL, ATTY
     1550 CRESWELL
     SHREVEPORT, LA
     71101

    YOU ARE HEREBY SUMMONED to appear before a qualified court reporter at the offices of
MORRIS & DEWETT LLC LOCATED AT 509 MILAM ST SHREVEPORT, LA 71101

on **AUGUST 27, 2020 at 10:00 A.M.**, then and there to take your deposition upon oral examination and
continue to do so until discharged, and herein fail not under penalty of law. By the order of the Court, this
date June 23, 2020.

                                     **MIKE SPENCE, CLERK OF COURT**

                                     By: _____
                                                 Deputy Clerk


                                          _____
                                                 JUSTIN DEWETT
                                                    Attorney

------------------------------------------------------------------------
SERVICE INFORMATION:              Date_____

Personal ____ Domiciliary ____ to _____

Unserved ____ because _____

Remarks _____


                        _____            **FILED**
                              Deputy Sheriff              SHERIFF RETURN

                                                          JUN 2 5 2020

                                                          MIKE SPENCE

                                                          CLERK OF COURT


                    |||||||||||||||||||||||||||||||||||||||||||||||||||||||||


                              2020 JUN 24 A 11: 23           · 1 5 1 0 0 2 ·

                              CADDO PARISH
                              SHERIFF'S OFFICE

hannahh                                                                    CPCC.CV.1948009

# 𝔖𝔲𝔟𝔭𝔬𝔢𝔫𝔞 𝔣𝔬𝔯 𝔚𝔦𝔱𝔫𝔢𝔰𝔰 𝔞𝔫𝔡
# 𝔖𝔲𝔟𝔭𝔬𝔢𝔫𝔞 𝔇𝔲𝔠𝔢𝔰 𝔗𝔢𝔠𝔲𝔪 - 𝔇𝔢𝔭𝔬𝔰𝔦𝔱𝔦𝔬𝔫

TINA ATOE, ET AL                          NO. 621353 – C
        VS                                STATE OF LOUISIANA
ORTHOPEDIATRICS US DISTRIBUTION CORP, ET  PARISH OF CADDO
AL

                                          FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:     SHRINERS HOSPITALS FOR CHILDREN ✓
                                CUSTODIAN OF MEDICAL RECORDS
                                3100 SAMFORD AVE
                                SHREVEPORT, LA
                                71103

        YOU ARE HEREBY SUMMONED to appear before a qualified court reporter at the offices of

CHAFFE MCCALL LLP 1100 POYDRAS ST STE 2300 NEW ORLEANS, LA 70163


on **JULY 3, 2020**, at **9:00 A.M.**, then and there to

GIVE YOUR DEPOSITION

        AND
        YOU ARE HEREBY ORDERED, DIRECTED, AND COMMANDED, in the name of the State of
Louisiana and of this Honorable Court, to produce at the above time and place or any other day and time to
which this cause may be continued, the following documents, papers or records:

**\*\*SEE COPY OF THE ATTACHED NOTICE OF DEPOSITION FOR ITEMS TO BE PRODUCED\*\***




and continue so to do until discharged. And herein fail not, under penalty of law. By the order of the Court this
date June 12, 2020.
**SEE ATTACHED LAW.**

                                          **MIKE SPENCE, CLERK OF COURT**


                BRENT TALBOT        By: _____
                                          Deputy Clerk
-----------------------------------------------------------------------------------
SERVICE INFORMATION:        Date _6-17-20_   _0904_

Personal ✓ Domiciliary ✗ to _Vicky Carmack_
                                                         FILED
Unserved ____ because _____      SHERIFF RETURN

Remarks _____         JUN 18 2020
                                                     MIKE SPENCE
                S. Abercrumbia # 1127              CLERK OF COURT
                Deputy Sheriff

Art. 1354.  Subpoena duces tecum

A.  A subpoena may order a person to appear and produce at the trial, deposition, or hearing, books, papers, documents, any other tangible things, or electronically stored information, in his possession or under his control, if a reasonably accurate description thereof is given.  A subpoena may specify the form or forms in which electronically stored information is to be produced. A party or an attorney requesting the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or cost on a person subject to that subpoena.  The court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive.  Except when otherwise required by order of the court, certified copies, extracts, or copies of books, papers, and documents may be produced in obedience to the subpoena duces tecum instead of the originals thereof.  If the party or attorney requesting the subpoena does not specify that the named person shall be ordered to appear, the person may designate another person having knowledge of the contents of the books, papers, documents, other things, or electronically stored information, to appear as his representative.

B.  A person commanded to respond to a subpoena duces tecum may within fifteen days after service of the subpoena or before the time specified for compliance, if such time is less than fifteen days after service, send to the party or attorney designated in the subpoena written objections, with supporting reasons, to any or all of the requests, including objection to the production of electronically stored information in the form or forms requested. If objection is so made, the party serving the subpoena may file a motion to compel compliance with the subpoena and may move for sanctions for failure to reasonably comply.

C.  A person responding to a subpoena to produce books, papers, or documents shall produce them as they are kept in the usual course of business or may organize and label them to correspond with the categories in the demand.

D.  If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena may produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably useable.

E.  A person responding to a subpoena need not produce the same electronically stored information in more than one form.

F.  A person responding to a subpoena need not produce books, papers, documents, or electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel production or to quash, the person from whom production is sought shall show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order production from such sources if the requesting party shows good cause.  The court may specify conditions, including an allocation of the costs, for the production.

G.  When the person subpoenaed is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written request under oath as to what facts he believes the books, papers, documents, electronically stored information, or tangible things will prove, and a copy of such statement shall be attached to the subpoena.  If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.

H.  Subpoenas duces tecum shall reproduce in full the provisions of this Article.

Amended by Acts 1978, No. 593, S1; Acts 2008, No. 824, S2, eff. Jan. 1, 2009.