# 1st JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

## STATE OF LOUISIANA

**NO.: 621353**                                                          **DIV.: "C"**

**TINA ATOE, INDIVIDUALLY AND AS NATURAL TUTRIX/
GUARDIAN FOR AND ON BEHALF OF HER MINOR CHILD**

**VERSUS**

**ORTHOPEDIATRICS US DISTRIBUTION CORP., ORTHOPEDIATRICS CORP.,
CHRINERS HOSPITAL FOR CHILDREN, ORTHOFIX, INC. AND
DR. KALAN MCCLARY AKA DR. KAYLAN MCCLARY**

**FILED:** _____     **DEPUTY CLERK**

FILED FEB 14 2020
JIM SCOTT
DEPUTY CLERK OF COURT
CADDO PARISH

## ANSWER TO PETITION FOR DAMAGES, AFFIRMATIVE DEFENSES, AND DEMAND FOR TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, comes Orthopediatrics US Distribution Corporation ("Orthopediatrics" or "Defendant"), and answers the Petition for Damages of Plaintiff, Tina Atoe, Individually and as Natural Tutrix/Guardian for and on behalf of Her Minor Child, as follows:

I.

The allegations contained in Paragraph 1 of the Petition are denied with respect to Orthopediatrics, except to admit that it is a Delaware Corporation. Any allegations directed towards any other Defendants are denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in Paragraph 2 of the Petition are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in Paragraph 3 of the Petition are denied.

IV.

The allegations contained in Paragraph 4 of the Petition are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 of the Petition are denied for lack of

sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of the Petition are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph 7 of the Petition are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraph 8 of the Petition are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations contained in Paragraph 9 of the Petition are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 of the Petition are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph 11 of the Petition are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations contained in Paragraph 12 of the Petition are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations contained in Paragraph 13 of the Petition are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of the Petition are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph 15 of the Petition are denied.

XVI.

The allegations contained in Paragraph 16 of the Petition are denied.

XVII.

The allegations contained in Paragraph 17 of the Petition are denied.

XVIII.

The allegations contained in Paragraph 18 of the Petition are denied.

XIX.

The allegations contained in Paragraph 19 of the Petition are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in Paragraph 20 of the Petition are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations contained in Paragraph 21 of the Petition are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations contained in Paragraph 22 of the Petition are denied.

XXIII.

The allegations contained in Paragraph 23 of the Petition are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations contained in Paragraph 24 of the Petition are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations contained in Paragraph 25 of the Petition are denied.

XXVI.

The allegations contained in Paragraph 26 of the Petition are denied.

XXVII.

The allegations contained in Paragraph 27 of the Petition are denied.

XXVIII.

The allegations contained in Paragraph 28 of the Petition are not directed towards this Defendant, and are therefore denied for lack of sufficient information to justify a belief therein.

XXIX.

The allegations contained in Paragraph 29 of the Petition are not directed towards this Defendant, and are therefore denied for lack of sufficient information to justify a belief therein. Any allegations directed towards Orthopediatrics are denied.

XXX.

The allegations contained in Paragraph 30 of the Petition are not directed towards this Defendant, and are therefore denied for lack of sufficient information to justify a belief therein. Any allegations directed towards Orthopediatrics are denied.

XXXI.

The allegations contained in Paragraph 31 of the Petition are not directed towards this Defendant, and are therefore denied for lack of sufficient information to justify a belief therein.

XXXII.

The allegations contained in Paragraph 32 of the Petition are denied.

XXXIII.

The allegations contained in Paragraph 33 of the Petition are denied.

XXXIV.

Defendant denies any allegations contained in any misnumbered paragraphs in the Petition for Damages.

XXXV.

Defendant denies any allegations contained in the prayer for relief.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Petition for Damages fails to state claims against Orthopediatrics upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Orthopediatrics denies that Plaintiffs have been injured as they have alleged.

### THIRD AFFIRMATIVE DEFENSE

Orthopediatrics denies that Plaintiffs have any injuries and/or has suffered any damages as they have alleged.

### FOURTH AFFIRMATIVE DEFENSE

The sole and proximate cause of the alleged injuries to Plaintiffs and alleged damages were the negligence and/or fault and/or strict liability of Plaintiffs, and their negligence and/or fault and/or strict liability should operate to completely bar recovery herein or reduce recovery on a comparative fault basis.

### FIFTH AFFIRMATIVE DEFENSE

The sole and proximate cause of the alleged injuries to Plaintiffs and alleged damages were the negligence and/or fault and/or strict liability of third parties for whom Orthopediatrics is not responsible and the negligence and/or fault and/or strict liability of said third parties should operate to completely bar recovery herein or reduce recovery on a comparative fault basis.

### SIXTH AFFIRMATIVE DEFENSE

The product at issue does not contain a characteristic that renders the product unreasonably dangerous under any provision of the Louisiana Products Liability Act ("LPLA").

### SEVENTH AFFIRMATIVE DEFENSE

All warnings and instructions supplied with the subject product complied with the requirements of the LPLA.

### EIGHTH AFFIRMATIVE DEFENSE

Orthopediatrics specifically and affirmatively denies that the product at issue contained any defects in design, composition, or construction, as those terms are defined under the LPLA.

### NINTH AFFIRMATIVE DEFENSE

Orthopediatrics avails itself of all defenses set forth in the LPLA.

### TENTH AFFIRMATIVE DEFENSE

The methods, standards or techniques of designing and manufacturing the subject product, and its warnings or instructions, were prepared and applied in conformity with

the generally recognized state of the art of scientific and technical knowledge, and other relevant circumstances, and in conformity with applicable state and federal codes, standards, regulations or specifications, at the time the subject product was designed and/or manufactured.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Orthopediatrics may be prescribed.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitation or by the applicable statute of repose.

### THIRTEENTH AFFIRMATIVE DEFENSE

Orthopediatrics reserves the right to assert that Plaintiffs failed to mitigate their damages, if appropriate.

### FOURTEENTH ELEVENTH AFFIRMATIVE DEFENSE

Any judgment entered in favor of Plaintiffs should be reduced by the amount of any settlement, release, covenant not to sue or covenant not to enforce a judgment or the amount of consideration paid by any person or entity liable to Plaintiffs for the injuries or damages alleged in the Petition.

### FIFTEENTH AFFIRMATIVE DEFENSE

In the event that it is determined that any product manufactured by Orthopediatrics is deemed to be unfit for its intended use, which is denied, such condition of the product developed after it left the custody and control of Orthopediatrics and such product was no longer in its original state of manufacture at the time of the loss in question.

### SIXTEENTH AFFIRMATIVE DEFENSE

No allegedly wrongful act or omission by Orthopediatrics was the cause in fact or the proximate cause of Plaintiffs' alleged injuries or other damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The physical harm and/or damages allegedly suffered by Plaintiffs was caused by Plaintiffs' contributory fault; therefore, Plaintiffs' damages shall be diminished in proportion to Plaintiffs' fault and the fault attributed to non-parties whose conduct caused and/or contributed to Plaintiffs' alleged damages.

Case 5:20-cv-01324-EEF-MLH Document 3-1 Filed 10/12/20 Page 7 of 13 PageID #: 56

### EIGHTEENTH AFFIRMATIVE DEFENSE

Orthopediatrics reserves the right to deny that it designed, manufactured, assembled, marketed, supplied or sold the subject product once Orthopediatrics conducts an inspection of the subject product.

### NINETEENTH AFFIRMATIVE DEFENSE

Orthopediatrics prays for and is entitled to a reduction in liability based upon the percentage of negligence and/or fault of any other alleged solidary obligors and/or tortfeasors released by Plaintiffs in this proceeding.

### TWENTIETH AFFIRMATIVE DEFENSE

Orthopediatrics asserts the defense of intervening and/or superseding causation.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Orthopediatrics asserts the defense that the product(s) at issue was not used in a reasonably foreseeable manner or in the manner for which it was intended.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Orthopediatrics asserts the defense that the product(s) at issue was in a condition at the time of the occurrence at issue different from its condition at the time of manufacture and/or sale.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Orthopediatrics states that Plaintiffs' injuries or other damages may have been caused, in whole or in part, by the conduct of others over whom Orthopediatrics exercised no control and for whose conduct Orthopediatrics is not responsible.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that it was in no way negligent or at fault, nor did it cause or contribute to the injuries and/or damages alleged to have been sustained by Plaintiffs.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Orthopediatrics reserves the right to assert the defense of spoliation of evidence, if appropriate.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Orthopediatrics asserts that Plaintiffs failed to exercise ordinary care for their own

safety, resulting in his injuries, and therefore Plaintiffs are not entitled to recover from Orthopediatrics.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

If Orthopediatrics was negligent, which it denies, Plaintiffs, in the exercise of ordinary care, could have avoided the consequences of any alleged negligence and Plaintiffs are, therefore, not entitled to recover from Orthopediatrics.

### TWENTY-EIGHT AFFIRMATIVE DEFENSE

Orthopediatrics raises the defenses of estoppel, laches and/or waiver.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Orthopediatrics reserves the right to amend this Answer by adding defenses, counterclaims, cross-claims, or by instituting third party demands as additional facts are obtained through investigation and discovery.

### THIRTIETH AFFIRMATIVE DEFENSE

Orthopediatrics pleads the terms, conditions, and warnings contained in the materials which accompanied the product at issue as if copied herein *in extenso*.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Any duty to warn Plaintiffs of the risks and hazards associated with the product at issue was discharged by providing adequate warning to physicians, an intermediary between Orthopediatrics and any patient. The learned intermediary doctrine bars Plaintiffs' recovery of any damages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Orthopediatrics affirmatively alleges that any claims or damages sustained by Plaintiffs were caused or contributed to by the non-foreseeable misuse, abuse, or abnormal use of the product by any other parties, persons, firms, corporations, or legal entities.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Orthopediatrics affirmatively alleges that the product was and is safe, not unreasonably dangerous, and fully complied with all applicable rules and regulations at the time the product was manufactured.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Orthopediatrics avers that the product at issue was free of all redhibitory vices or defects.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The claimed injuries and/or damages of Plaintiffs are so remote, speculative, or contingent that Plaintiffs' claims must be barred on public policy grounds.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

At all times, Defendant's acts or omissions were privileged, justified, fair and undertaken in the good faith exercise of a valid business purpose.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are subject to an offset in the amount of any reimbursement received as a result of any insurance or other health benefits plan, or any amounts paid for by any insurance or other health benefits plan.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any injuries or damages allegedly sustained were caused by a preexisting or unrelated medical condition, disease, or illness.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because defendant acted in good faith at all relevant times and gave adequate warnings of all known or reasonably knowable risks associated with the use of its product.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations and rules.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Federal law preempts Plaintiffs' claims. As such, Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject medical device under applicable federal laws, regulations and rules. Plaintiffs have asserted claims for relief which, if granted, would constitute an

impermissible burden by this Court on Federal laws, regulations and policies relating to the development and marketing of products, in violation of the Supremacy Clause, Article VI of the Constitution of the United States.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs had full knowledge of the risks and possible adverse effects pertaining to use of the product, as well as the risks relative to the subject product, and part or all of the injuries, damages and/or losses, if any, sustained by Plaintiffs arose from and were caused by such risks, of which Plaintiffs were aware and that were voluntarily accepted and assumed by Plaintiffs, and for that reason Plaintiffs' recovery, if any, should be diminished, reduced, offset or barred by Plaintiffs' assumption of the risks and/or informed consent.

### DEMAND FOR JURY TRIAL

Defendant reasserts its demand for a jury trial as to all issues.

**WHEREFORE**, Defendant, Orthopediatrics US Distribution Corporation, prays that this Answer to the Petition for Damages be deemed good and sufficient, and that all issues be tried by a jury, and after due proceedings, that all claims brought against Orthopediatrics US Distribution Corporation, be dismissed, with prejudice, at Plaintiffs' cost.

Respectfully submitted,

ADAMS HOEFER HOLWADEL, LLC

_____
D. RUSSELL HOLWADEL (#16975)
BRUCE R. HOEFER, JR. (#6889)
LYDIA HABLISTON TOSO (#12873)
PHILLIP J. REW (#25843)
HEATHER E. REZNIK (#29175)
400 Poydras Street, Suite 2450
New Orleans, Louisiana  70130
Telephone:   504.581.2606
Facsimile:    504.525.1488
**Attorneys for Orthopediatrics US Distribution Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding via facsimile, and/or e-mail, and/or by depositing in the United States mail, properly addressed and first class postage prepaid, on this 10th day of February 2020.

_____

## 1st JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

### STATE OF LOUISIANA

NO.:  621353                                                                                               DIV.: "C"

**TINA ATOE, INDIVIDUALLY AND AS NATURAL TUTRIX/ GUARDIAN FOR AND ON BEHALF OF HER MINOR CHILD,**

**VERSUS**

**ORTHOPEDIATRICS US DISTRIBUTION CORP., ORTHOPEDIATRICS CORP., CHRINERS HOSPITAL FOR CHILDREN, ORTHOFIX, INC. AND DR. KALAN MCCLARY AKA DR. KAYLAN MCCLARY**

FILED: _____              _____
                                                                         **DEPUTY CLERK**

FILED FEB 14 2020
JIM SCOTT
DEPUTY CLERK OF COURT
CADDO PARISH

### REQUEST FOR WRITTEN NOTICE OF SIGNING OF ANY ORDER OR JUDGMENT OR SETTING OF TRIAL OR HEARING

NOW INTO COURT, through undersigned counsel, comes Orthopediatrics US Distribution Corporation, Defendant in the above entitled and numbered proceeding, and pursuant to Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, request notification at least ten (10) days in advance of any date fixed for any trial or hearing in this matter.

Further, pursuant to Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, Orthopediatrics US Distribution Corporation requests notification through undersigned counsel of any order or judgment or the setting of any hearing entered in this cause.

Respectfully submitted,

ADAMS HOEFER HOLWADEL, LLC

_____
D. RUSSELL HOLWADEL (#16975)
BRUCE R. HOEFER, JR. (#6889)
LYDIA HABLISTON TOSO (#12873)
PHILLIP J. REW (#25843)
HEATHER E. REZNIK (#29175)
400 Poydras Street, Suite 2450
New Orleans, Louisiana  70130
Telephone:  504.581.2606
Facsimile:   504.525.1488
**Attorneys for Orthopediatrics US Distribution Corporation**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding via facsimile, and/or e-mail, and/or by depositing in the United States mail, properly addressed and first class postage prepaid, on this 10th day of February 2020.

_____