UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TINA ATOE | CIVIL ACTION NO. 20-cv-1324 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ORTHOPEDIATRICS US DISTRIBUTION CORP, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Tina Atoe, individually and on behalf of her minor child, filed suit in a Louisiana state court against several defendants. She alleged that her child received orthopedic surgery at the Shriner's Hospital for Children that included the installation of an eight-plate device. Plaintiff alleged that the device failed due to defects and that additional surgery and rehabilitation are required.

Orthopediatrics US Distribution Corp. removed the case based on an assertion of diversity jurisdiction, which puts the burden on Orthopediatrics to allege the supporting facts with specificity. The court has an obligation to review the basis for subject matter jurisdiction, even if a party does not file a challenge. Set forth below are some comments on jurisdiction and the need to serve a defendant.

The notice of removal alleges that Tina Atoe is domiciled in Texas and, therefore, a citizen of that state. Atoe filed suit individually and on behalf of her minor child, so the citizenship of the child must also be known. That is because the legal representative of an infant is deemed to be a citizen only of the same state as the infant. 28 U.S.C. § 1332(c)(2). The child is likely a citizen of the same state as his mother, so the court will assume that

the child is also a citizen of Texas unless Plaintiff or any other interested party files a written challenge to that assumption no later than **December 7, 2020**.

The notice of removal alleges that defendant Orthofix, Inc. is incorporated in Minnesota and has its principal place of business in Texas. That destroys diversity on its face because at least one plaintiff is also a citizen of Texas, but Plaintiff voluntarily dismissed Orthofix, Inc. from the litigation on September 15, 2020. Orthopediatrics removed the case, presumably based on the voluntary-involuntary rule, less than 30 days later.[1] Plaintiff did not file a motion to remand within 30 days afterward, so any claim of untimeliness or other procedural defect in the removal was waived. 28 U.S.C. § 1447(c).

Dr. Kalan McClary is alleged to be a citizen of Louisiana. She is diverse in citizenship from Plaintiff, but the forum-defendant rule of 28 U.S.C. § 1441(b)(2) provides that a case may not be removed based on diversity jurisdiction if any of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought. Orthopediatrics argued in its notice of removal that Dr. McClary's citizenship should be ignored because the claims against her are subject to medical review panel proceedings that require exhaustion and make her improperly joined. See Flagg v. Stryker Corporation, 819 F.3d 132 (5th Cir. 2016) (en banc). Plaintiff did not file a timely motion to remand that challenged this assertion. The forum-defendant rule is procedural rather

---

[1] The voluntary-involuntary rule is a jurisprudential doctrine that provides that a case not originally removable may become so by the voluntary dismissal of a nondiverse defendant whose presence precluded removal. Phillips v. Unijax, 625 F.2d 54, 56 (5th Cir.1980); Weems v.. Louis Dreyfus Corp., 380 F.2d 545, 546–548 (5th Cir.1967); Rasbury v. USAA General Indem., 2015 WL 1906205 (W.D. La. 2015).

than jurisdictional, In re 1994 Exxon Chem. Fire, 558 F.3d 378, 391-94 (5th Cir. 2009), so the lack of a timely motion to remand waived any objection based on that issue.

Orthopediatrics stated in its notice of removal that the defense would file a motion to dismiss the claims against Dr. McClary as premature, and the defense is directed to do so by **December 14, 2020**. If the medical review panel situation is as described in the notice of removal, the parties should be able to agree to dismiss the claims against Dr. McClary without prejudice until such time as the review panel process is completed.

Orthopediatrics Corp., alleged to be a citizen of Delaware and Indiana, is the final defendant. Its citizenship is diverse. The removing defendant represents that Plaintiff has not served Orthopediatrics Corp. Plaintiff is directed to promptly file evidence of service on Orthopediatrics Corp, and she is reminded of the obligation to make service within 90 days of removal, which will be **January 7, 2021**. Fed. R. Civ. Pro. 4(m); McAfee v. U.S. Department of Veterans Affairs, 2020 WL 1046111 (S.D. Tex. 2020).

Based on the allegations in the notice of removal, it appears that there is complete diversity between the parties who remained in this case at the time of removal. The court finds that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332. This finding is preliminary and may be reconsidered sua sponte or on appropriate motion

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of November, 2020.



Mark L. Hornsby
U.S. Magistrate Judge