UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TINA ATOE | CIVIL ACTION NO. 20-cv-1324 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ORTHOPEDIATRIC US DISTRIBUTION CORP ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction; Procedural History**

Tina Atoe ("Plaintiff"), individually and on behalf of her minor child, filed this civil action in state court. She alleged that her child received orthopedic surgery at Shriners Hospital for Children that included the attempted installation of an eight-plate device. Plaintiff alleged that the device failed due to defects and that the hospital and surgeons committed medical malpractice. The petition named as defendants Orthopediatrics US Distribution Corp.; Orthopediatrics Corp.; Orthofix, Inc.; Shriners Hospitals for Children; and Dr. Kalan McClary.

At almost the same time Plaintiff filed suit, she commenced a medical review panel to consider medical malpractice claims against Shriners Hospital, Dr. McClary, and Dr. Janay McKie. Prior to removal, Plaintiff voluntarily dismissed without prejudice her lawsuit claims against Shriners and Dr. McClary. Doc. 1, ¶5; Doc. 10. Presumably, this was to allow for exhaustion of the claims against the those malpractice defendants through the medical review panel process. Plaintiff also dismissed Orthofix, Inc. prior to removal. Doc. 1, ¶ 6.

Orthopediatrics US Distribution Corp. (Delaware and Indiana) removed the case based on an assertion of diversity between itself and Plaintiff. The court has confirmed that Plaintiff and her son are citizens of Texas. Doc. 7. The court reviewed various issues related to the removal and diversity of citizenship and made a finding of subject matter jurisdiction. Id. Another defendant, Orthopediatrics Corp. (Delaware and Indiana; Doc. 1, ¶ 3), later filed an answer. Doc. 17. A scheduling conference was held, and the case is now set for trial in February 2024.

The medical review panel rendered a decision in July 2022, which permitted Plaintiff to then file suit on her medical malpractice claims against Shriners, Dr. McClary, and Dr. McKie. Rather than moving to amend the complaint in this proceeding and add new defendants, Plaintiff chose to file in November 2022 a petition in state court against the three medical malpractice defendants. Plaintiff then filed a Motion to Remand (Doc. 35) in this case on the grounds that it is "no longer within the original jurisdiction of this Court." For the reasons that follow, the motion must be denied.

**Analysis**

The court discussed in Doc. 7 why, shortly after removal, there was a basis for diversity jurisdiction. There were potential procedural deficiencies in the removal, but the court explained that Plaintiff had waived them by not filing a timely motion to remand. The parties to this case at the time of removal—and now—are Plaintiff and her son (Texas citizens) and the defendants Orthopediatrics US Distribution Corp and Orthopediatrics Corp., both citizens of Delaware and Indiana. There is, therefore, complete diversity of

citizenship between the parties in this action, and the amount in controversy exceeds $75,000.

Plaintiffs in cases that involve products liability and medical malpractice claims often file suit against the products defendants first. Those defendants are usually from out of state, so the case is filed in or removed to federal court based on diversity jurisdiction. After the medical review process is completed, the plaintiff will seek leave to amend their complaint and add the malpractice defendants to the case. That often results in the destruction of diversity because the plaintiff/patient and physician/hospital are typically citizens of the same state. But that is not the case here.

Plaintiff has not asked to amend her complaint and add the malpractice defendants to this civil action. And even if she had done so, granting leave to amend likely would *not* destroy diversity. Plaintiff and her son are citizens of Texas. Dr. McKie is said to be a citizen of Louisiana, and Dr. McClary is alleged to be a citizen of Florida. The secretary of state's website suggests that Shriners Hospitals for Children is a non-Louisiana corporation with a domicile address in Colorado and a principal business office in Florida. It cannot be determined with certainty its state of incorporation and its principal place of business under the rule of Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010), but there is no indication that the corporation is likely to be a citizen of Texas. Thus, the addition of those defendants to this case would likely not destroy diversity.

Plaintiff, rather than attempting to add those defendants to this case, chose to file an entirely new suit in state court against the medical malpractice defendants. To the court's knowledge, that case has not been removed, so it is not before this court in any way.

Plaintiff urges in her motion to remand that Dr. McKie has been named as a defendant in the new petition filed in state court and that, somehow, destroys diversity jurisdiction in this case. Plaintiff states: "Dr. McKie is a citizen of Louisiana, the state in which Mover/Plaintiff's action is brought, and therefore, is a non-diverse party." Doc. 35, p. 1. But Dr. McKie is not a party to this case. She may be a defendant in the second, state court petition, but that has no bearing on diversity of citizenship in this action. Furthermore, there would be diversity between the Texas plaintiffs and the Louisiana physician.

Plaintiff may be thinking of the forum-defendant rule. It provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1442(b)(2). Dr. McKie is said to be a citizen of Louisiana, which might make the rule applicable if, for example, a defendant tried to remove the new suit in which McKie is a defendant. But the rule has no application to this case, in which McKie is not a defendant. Even if Plaintiff tried to amend this action and add McKie as a defendant, the post-removal addition of a diverse forum-defendant would not destroy diversity or require remand. Nationwide Prop. & Cas. Ins. Co. v. Gen. Motors LLC, 2014 WL 593658 (S.D. Tex. 2014) (Costa, J.) (every court presented with this situation has concluded that the subsequent addition of a diverse forum-defendant after removal does not deprive the court of subject matter jurisdiction or necessitate remand).

Plaintiff also argues that the court should remand this case because the evidence and witnesses in the two cases will largely be the same, so it is in the interest of judicial efficiency for these matters to be tried together in the state court. But such concerns do not allow for remand. "Federal courts have a 'virtually unflagging obligation' to exercise [their] jurisdiction." Just Energy Group, Inc. v. Just Energy Texas, LP, __ F.4th __, 2023 WL 111207, *4 (5th Cir. 2023), quoting Grace Ranch, LLC v. VP Am. Prod. Co., 989 F.3d 301, 313 (5h Cir. 2021).

There are abstention doctrines that may apply in rare circumstances, but Plaintiff has not made a case for the application of any such doctrine. The only potentially applicable doctrine is the Colorado River abstention doctrine, which may warrant a stay of a federal case when there are parallel proceedings pending in federal and state court. But cases are parallel only when they involve the same parties and the same issues. RepublicBank Dallas Nat. Ass'n v. McIntosh, 828 F.2d 1120, 1121 (5th Cir. 1987). There are different defendants in the two cases, so the doctrine is plainly inapplicable.

When the doctrine does apply, the proper remedy is a stay or dismissal of the federal case. Most courts favor a stay that allows the state court proceeding to move forward and resolve the issues, with the federal court maintaining jurisdiction so it can resolve any loose ends that remain after the state litigation concludes. There is no separate state court proceeding that would resolve the products claims presented in this case; this is the one and only proceeding that presents those claims. And even when the doctrine applies, the remand that Plaintiff requests "is not an option." Saucier v. Aviva Life & Annuity Co.,

701 F.3d 458, 465 (5th Cir. 2012); Miller v. Miller, 2022 WL 1397721, *5 (W.D. La. 2022) (Hornsby, M.J.).

Plaintiff can file all the additional lawsuits she wants in state court, and it will never destroy diversity jurisdiction in this case. The court has subject matter jurisdiction, and there is no jurisdictional, statutory, or jurisprudential basis to remand. If Plaintiff believed that it was more efficient to try the products liability and medical malpractice claims in a single forum, she should have attempted to join the medical malpractice defendants in this case. But, because the two groups are not indispensable parties, it is not mandatory that the claims be tried together.

That point is demonstrated by Temple v. Synthes Corp., Ltd., 111 S.Ct. 315 (1990), in which the plaintiff filed suit in federal court against the manufacturer of a plate that was installed in a surgery. After the plaintiff completed medical review panel proceedings against the physician and hospital, he filed a malpractice claim against them in a Louisiana state court. The device manufacturer filed a motion to dismiss the federal suit for failure to join the malpractice defendants as necessary parties. The Supreme Court summarily reversed the ordering of joinder because, "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Id.

Proceeding with this products liability case in federal court while the medical malpractice claims are litigated in state court may give rise to some inefficiencies, but that is because of a choice made by Plaintiff. This court lacks the authority to remand this case, over which it has diversity jurisdiction, simply because it might be more efficient. None of the arguments made by Plaintiff require or allow for remand.

Accordingly,

It is recommended that Plaintiff's Motion to Remand (Doc. 35) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of January, 2023.

Mark L. Hornsby
U.S. Magistrate Judge